# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | Case No. 1:18-CR-153 |
| Plaintiff, | : | |
| | : | **JUDGE CHRISTOPHER A. BOYKO** |
| vs. | : | |
| | : | **DEFENDANT'S MOTION TO** |
| | : | **CONTINUE TRIAL DATE TO** |
| **AARON EISENBERG,** | : | **FURTHER "THE ENDS OF** |
| | : | **JUSTICE" AND MEMORANDUM** |
| Defendant. | : | **IN SUPPORT** |

Now comes the Defendant, **AARON EISENBERG**, by and through his undersigned counsel, and respectfully moves this Honorable Court to enter an Order to continue the trial date from Tuesday, November 6, 2018 and extend the pretrial deadlines as set forth in the Court's Criminal Pretrial Order, for the reasons set forth and embodied in 18 U.S.C. §3161(h)(8)(A)(i) and (ii). The factual and legal basis for this Motion is set forth below in the accompanying Memorandum.

## MEMORANDUM

**Reasons Why A Continuance Should Be Granted**:

A miscarriage of justice will occur if this case is brought to trial within the statutory period because this case is so unusual and complex, due to the nature of the prosecution and the existence of novel questions of fact and law, such that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established in 18 U.S.C. §3161, *et seq*.

18 U.S.C. §3161(8)(A) and (B) provide for the extension of time for trial in situations such as this case and read in pertinent part as follows:

> "(8)(A) Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for Government, if the judge granted such continuance <u>on the basis of his findings that the ends of justice served by taking such action outweighs the best interest of the public and the defendant in a speedy trial</u>.  No such period of delay resulting from a continuance granted by the court in accordance with this paragraph shall be excludable under this subsection unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial.
>
> (B)  The factors, among others, which a judge shall consider in determining whether to grant a continuance under subparagraph (A) of this paragraph in any case are as follows:
>
> (i)  Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, <u>or result in a miscarriage of justice</u>.
>
> (ii)  Whether the case is so unusual or so complex, <u>due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section</u>. . . . " (Emphasis added).

**<u>Factual Basis For Continuance</u>**:

<u>Charges Alleged</u>

The Defendant, **AARON EISENBERG**, is named in four (4) counts of a seven (7) count Indictment returned, on August 29, 2018, by the Grand Jury for the United States District Court for the Northern District of Ohio, Eastern Division (*see*:  Indictment attached as Exhibit "A").

Count 1 of the Indictment alleges the Defendant from "in or around May of 2014," through July 29, 2015, conspired with co-defendants, Jack W. Morgan, Jacob A. Lesiak,

Brian M. Teachout, Margaret L. Garcia, Gary L. Baldwin, Richard E. Warren, Trevor C. Marlyne, Robert E. Ross "and others, both known and unknown to the Grand Jury" to engage in a series of financial transactions involving the proceeds of specific unlawful activity, to wit:  a conspiracy to possess with intent to distribute marijuana, in violation of 21 U.S.C. §§841 and 846, knowing that the series of financial transactions affected interstate commerce, in violation of 18 U.S.C. §§1956(a)(1)(B)(i) and 1956(a)(1)(A)(i) (Money Laundering) *Id*.

Count 2 of the Indictment alleges the Defendant, "on or about July 29, 2015" and indicted co-defendants, Jack W. Morgan, Jacob A. Lesiak, Margaret L. Garcia and Gary Baldwin, did knowingly and intentionally possess with intent to distribute Marijuana, in violation of 21 U.S.C. §841.  *Id*.

Count 3 of the Indictment alleges the Defendant, "on or about July 29, 2015" and indicted co-defendants, Jack W. Morgan and Richard E. Warren, did knowingly and intentionally possess with intent to distribute Marijuana, in violation of 21 U.S.C. §841. *Id*.

Count 7 of the Indictment alleges the Defendant, "from in or around September 2013" through July 29, 2015, conspired with indicted co-defendant, Cynthia A. Hounshell, "and others both known and unknown to the Grand Jury" to conduct a series of financial transactions which involved the proceeds from specific unlawful activity, to wit:  did knowingly and intentionally possess with intent to distribute Marijuana, in violation of 21 U.S.C. §841 and 846, affecting interstate commerce, in violation of 18 U.S.C. §1956(a)(1)(B)(i).

<u>Review and Investigation of Charges Alleged and Discovery
Produced by Government in Preparation of Defense and
Resolution of the Case</u>

The last alleged "overt act" in the charges returned in the Indictment purportedly occurred "in or about July 29, 2015" - - over three (3) years ago.

Accordingly, investigation of facts material to the defense requires going back over three (3) years in an attempt to reconstruct the events relevant to this case.

Discovery thus far produced by the government in response to Defendant's discovery demand is extensive and involves thousands of pages of reports, IRS returns and additional data and documentation, all of which must be carefully reviewed and examined by the defense, as well as any expert witnesses retained by the defense in this matter.

Defense counsel avers that he has reviewed this matter with the Defendant, along with his constitutional and statutory rights to a speedy trial; and, the Defendant has authorized defense counsel to file this Motion requesting an extension and continuance of the scheduled trial date.

**WHEREFORE**, for all of the aforestated reasons, the Defendant, **AARON EISENBERG**, by and through his undersigned counsel respectfully submit that the herein prosecution is a complex case within the meaning of 18 U.S.C. §3161(8), *et seq.*; and, based upon the aforestated facts and in the interest of a fair resolution of this case, with due process of law, respectfully requests this Honorable Court to enter an Order to continue and extend the trial date and the pretrial deadlines as set forth in the Court's Criminal Pretrial Order in this matter for a period of not less than 60 days.

Respectfully submitted,

*/s/ - ANGELO F. LONARDO, ESQ.*

**YELSKY & LONARDO**
**BY:  ANGELO F. LONARDO, ESQ.**
Ohio Reg. No. 0032274
323 W. Lakeside Avenue, Suite 450
Cleveland, Ohio  44113
(216) 781-2550 - phone
(216) 781-6688 - telefax
aflonardo@yelskylonardo.com - email

Counsel for **AARON EISENBERG**

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 16th day of October, 2018, a copy of the following was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

*/s/ - ANGELO F. LONARDO, ESQ.*

**ANGELO F. LONARDO, ESQ.**

5