**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**

| | |
|---|---|
| UNITED STATES OF AMERICA,   ) | CASE NO. 1:18CR513 |
| )  | |
| Plaintiff,                          ) | |
| ) | JUDGE CHRISTOPHER BOYKO |
| vs.                                  ) | |
| ) | **O R D E R** |
| AARON EISENBERG, et al.,  ) | |
| ) | |
| Defendant.                      ) | |
| ) | |

**CHRISTOPHER A. BOYKO, J.:**

This matter comes before the Court on Defendants' Motions To Continue Trial and Declare Case Factually Complex Within Meaning of The Speedy Trial Act, 18 U.S.C. §3161(h)(7)(B)(ii) . The Government does not object.   For the reasons which follow, the Court grants the Motion.  This Order applies to all Defendants.

The Defendant believes his right to a speedy trial and the public's interest in a prompt resolution of this case would be best served by a continuance. The Court agrees the requested continuance is not interposed to unnecessarily delay these proceedings or for dilatory purposes, and will not prejudice the Government or the Defendant in seeing this case to conclusion. Instead, the requested continuance will permit a more thorough assessment of this case, and will enable defense counsel to provide the Defendant with effective assistance of counsel, which would not otherwise be possible absent the continuance.

The drafters of the Speedy Trial Act contemplated delays in prosecutions where due

to complexity and/or the unusual nature of the case, a significant continuance would be necessary. To that end, Section 3161(h)(8) provides as follows:

> (8)(A) Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. No such period of delay resulting from a continuance granted by the court in accordance with this paragraph shall be excludable under this subsection unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial.
>
> (B) The factors, among others, which a judge shall consider in determining whether to grant a continuance under subparagraph (A) of this paragraph in any case are as follows:
> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings
> or for the trial itself within the time limits established by this section.
> (iii) . . .
> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. §3161(h)(8)(A)(B)(ii)(iv).

The voluminous nature of the materials to be reviewed in this case, along with the severity of the charges against the Defendant pending before this Court, renders the case complex within the meaning of the Speedy Trial Act, 18 U.S.C. § 3161(h)(8)(B)(ii). Therefore, the Court declares the instant matter complex, and finds the period of delay resulting from the continuance of trial be excluded from the time allowable for trial under the Act. 18 U.S.C. § 3161(h)(8)(A).

For the foregoing reasons, the Court finds that the ends of justice served by the

granting of the continuance outweigh the best interest of the public and Defendant in a speedy trial. Trial is scheduled for 2/12/2019 at 9:00 AM. Final pretrial is scheduled for 2/5/2019 at 10:00 AM. Motions are due by 1/22/2019, with responses by 1/29/2019. All previous deadlines and dates are continued.

    IT IS SO ORDERED.

                                      *s/ Christopher A. Boyko*
                                      CHRISTOPHER A. BOYKO
                                      UNITED STATES DISTRICT JUDGE

DATED: October 17, 2018